## H. HASSELMEYER v. THE STATE.

NEW TRIAL. — NEWLY-DISCOVERED EVIDENCE is not cause for new trial if due diligence was wanting, or if, in view of all the evidence adduced, it would not be likely to change the verdict.

APPEAL from the Criminal District Court of Galveston. Tried below before the Hon. G. COOK.

The indictment charged the appellant with an assault with intent to murder Sadie McClellan, on June 25, 1878. The evidence shows that the appellant went to Sadie's establishment, in Galveston, and raised a very lively row with her, in which he threw at her a heavy spittoon, proved to be a deadly weapon, and also a soda-water bottle, heavy enough to kill. Sadie was struck and badly cut in the head, and started in a hack to get her wounds dressed. Appellant intercepted the hack on the beach, assailed her again, and thrashed a man who was with her. However, she got out of the hack and was picked up by another one, which conveyed her to see a surgeon. Her wounds laid her up for two weeks, and she stated that she had not fully recovered when she testified, nearly six months after the affray.

It was in proof that the appellant was put out of Sadie's house by his brother, who came out of another room in the house, pistol in hand, and espoused the lady's cause. Appellant was " drinking."

The jury found the appellant guilty as charged in the indictment, and awarded him two years in the penitentiary. Defendant moved for a new trial, assigning error in the charge of the court and the verdict of the jury. At a subsequent day of the term, he filed an amended motion for a new trial, based upon evidence of Mrs. Bettie Hasselmeyer, his said brother's wife, discovered since the filing of his original motion. Her affidavit was filed as part of this amended motion. She stated in her affidavit that she had

gone to Sadie's house on the night of the affray, to see her husband, who, she had understood, was there. When the affray took place, she was standing in the back-door of the house, and had a full view of all that occurred. Her material statement was, that the spittoon was thrown at her husband by the appellant, and was not thrown at Sadie McClellan. Being in fear of her husband, she had not divulged her knowledge of the facts to any one until since the trial. The new trial was refused, and appeal taken.

*Davidson & Fulton*, and *Flournoy, Scott & Levi*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J. This is an appeal from a judgment of conviction for an assault with intent to murder one Sadie McClellan.

All the proceedings, up to the returning of the verdict, appear to have been regular, and in substantial conformity to the rules of the Code and the adjudications thereunder, and therefore the several errors complained of, anterior to the verdict, need not be specially considered.

The most important feature presented in the motion for a new trial relates to the alleged newly-discovered evidence of Mrs. Bettie Hasselmeyer, who made affidavit to having witnessed the *rencontre* out of which the indictment originated, and that she had never communicated the fact of her having witnessed the difficulty to the appellant, through fear of her husband.

Agreeably to the statement of facts, the matters mentioned in the affidavit of Mrs. Hasselmeyer in support of the motion for a new trial were testified to by other witnesses, who had equal opportunity for observation; and if her testimony had been offered on the trial, it is not perceived that it would in any way have changed the result;

whilst the witnesses spoke of another meeting on the beach, which Mrs. Hasselmeyer appears not to have known any thing about.

The present case is unlike the case of *Dunham* v. *The State*, 3 Texas Ct. App. 465, cited by appellant's counsel. We are of opinion, in view of the whole evidence as shown by the transcript, that there was no sufficient showing of diligence to discover the new evidence, and that, if obtained, it would not be likely to produce a different result; and that the court did not err in overruling the motion for a new trial.

Finding no such error as would warrant this court in reversing the judgment, viewing the whole case in the light of the arguments presented by counsel for the appellant, the judgment is affirmed.

*Affirmed.*